UNITED STATES of America,
Plaintiff–Appellee

v.

Daniel VALLE–CABRERA,
Defendant–Appellant.

No. 06–20954
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

UNITED STATES of America,
Plaintiff–Appellee

v.

Jose MARMOLEJO–SANCHEZ, also known as Jesus Rodriguez, also known as Jesus Rodriguez–Marmolejo, also known as Ismael Rodriguez–Marmolejo, Defendant–Appellant.

No. 06–20989
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM: *

Jose Marmolejo–Sanchez (Marmolejo) appeals his guilty-plea conviction and 24–month sentence for being illegally present in the United States following deportation. He argues that his sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This argument is foreclosed. *See Rita v. United States*, —— U.S. ——, ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007).

In light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Marmolejo challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." *United States v. Pineda–Arrellano*, 492 F.3d 624, 625 (5th Cir.2007), *cert. de-*

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*nied* —— U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2007).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.